**Mrs. Marjorie BRANDON, Individually and on Behalf of all Persons Similarly Situated, Plaintiffs–Appellants,**

v.

**SOUTHWEST MISSISSIPPI SENIOR SERVICES, INC., Defendant–Appellee.**

No. 87–4369

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 31, 1987.

James E. Winfield, Vicksburg, Miss., for plaintiffs-appellants.

George F. West, Jr., Natchez, Miss., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

In April of 1983, Mrs. Marjorie Brandon accepted employment with Southwest Mississippi Senior Services, Inc. (SMSS), a nonprofit corporation that serves the region's senior citizens. SMSS receives approximately 75% of its funding from the federal government. At the time she accepted the job with SMSS, Mrs. Brandon was serving a term as Justice Court Judge in Claiborne County, Mississippi. Mrs. Brandon did not report in her SMSS employment application that she held this elected position; she also

failed to disclose that she had successfully run for Justice Court Judge as an independent in the state's general elections in November of 1971, 1975, and 1979.

In early October of 1983, officials at SMSS learned that Mrs. Brandon was a Justice Court Judge and was seeking another term in the 1983 November general election. Mrs. Brandon's employment with SMSS was immediately terminated as violative of the Hatch Act; she subsequently lost her elected position in the November election. Mrs. Brandon sued SMSS, alleging that the termination violated her first amendment rights. The district court disagreed and ruled against her after a trial on the merits. We affirm.

The Hatch Act prohibits certain state or local officers or employees who work with federally financed programs from running for an elective office in partisan elections. The Act defines a covered state or local officer or employee as "an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency." 5 U.S.C. § 1501(4). The Act does allow these local officials to participate in nonpartisan elections, that is, an election in which no candidate represented a party whose nominee received any electoral votes in the last presidential election.[1] *Id.* § 1503.

Mrs. Brandon asserts that her employment with SMSS is not covered by the Hatch Act because she is not considered a public or civil servant under Mississippi law. We agree with the district court that Mrs. Brandon's civil servant status under Mississippi law is immaterial. It is enough that Mrs. Brandon's employment with Mississippi falls directly within the definition of state or local officer or employee contained in § 1501(4); we need not address her civil servant status under state law.

In the alternative, Mrs. Brandon concedes that the Hatch Act may cover her employment, but argues that her conduct in running for Justice Court Judge did not violate the Act. She bases this argument on § 1503, which allows candidates to run in nonpartisan elections. Mrs. Brandon asserts that because she ran as an independent, her candidacy is protected by § 1503. Unfortunately for Mrs. Brandon, § 1503 plainly allows participation in an election only if *none* of the candidates could be considered partisan. *See* 5 C.F.R. § 151.101(h) (" 'Partisan' when used as an adjective refers to a political party.") While Mrs. Brandon may have been a nonpartisan candidate herself, she did participate in a partisan election as defined by 5 C.F.R. § 151.101(f)–(h). Because this conduct violated the Hatch Act and the regulations promulgated thereunder, SMSS was justified in terminating appellant's employment.

AFFIRMED.

---

1. 5 U.S.C. § 1503 provides:
   Section 1502(a)(3) of this title does not prohibit any State or local officer or employee from being a candidate in any election if none of the candidates is to be nominated or elected at such election as representing a party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected.